# Collins & Timberlake *against* The Union Transportation Company.

A, a common carrier, received goods in Philadelphia for C. & T. of Lexington, and receipted for the same, to be delivered to H. & L. of Pittsburgh " on presenting this receipt and payment of freight." The goods were delivered, but the freight was not paid, and H. & L. received the amount of the freight from C. & T. and afterwards failed: *Held*, that A was entitled to recover the amount of the freight from C. & T.

ERROR to the district court of *Allegheny* county.

Charles Graeff and others, partners under the firm of the Union Transportation Company, against Collins & Timberlake.

The following statement of facts was agreed to be considered in the nature of a special verdict.

The plaintiffs are common carriers on the Pennsylvania canal and railroad between Philadelphia and Pittsburgh by canal boats and railroad cars, under the name of the Union Transportation

Company. The defendants are merchants, and reside in Lexington, Kentucky. Goods belonging to the defendants, purchased by them in Philadelphia or some other city on the seaboard during the summer of 1839, were shipped by E. & D. Gratz, a commission and forwarding house of Philadelphia, by the line of canal boats and railroad cars, consigned to Hutchinson & Ledlie, a commission and forwarding house of Pittsburgh, with the view of being forwarded to the defendants at Lexington.

They were received by the plaintiffs at Philadelphia on different days in the month of August 1839, and delivered by them to Hutchinson & Ledlie in Pittsburgh, at different times, in the latter part of the said month, and the beginning of the next, one of the receipts and bills of lading is hereunto annexed, and it is agreed that the others, for the said goods, are in the same form, and they are all to be considered as part of this case. The said goods were delivered to the said Hutchinson & Ledlie without their paying the freight on the same. This delivery without receiving the freight, was in accordance with the general custom of the carriers on the said canal and railroad at Pittsburgh, at and before that time. The plaintiffs kept a book in which they noted the number of packages consigned to the said Hutchinson & Ledlie, their weight, and the names of the persons to whom they belonged, and into which were also copied the receipts or bills of lading for the same.

The said Hutchinson & Ledlie kept an account with the plaintiffs, in which they credited them with the amount of freight on goods as they were delivered, specifying the weight, names of the owners, &c. An account taken from the books of the said Hutchinson & Ledlie, including, *inter alia*, a credit for the freight on the said goods of the defendants is hereunto annexed, and made a part of this case. It is further admitted that Hutchinson & Ledlie closed their account with Collins &.Timberlake immediately after the receipt and transmission of their goods, by a draft on them for the balance on account of freight, which draft was accepted and paid by the defendants at maturity, they having no notice at the time of the claim now set up by the plaintiffs, and knowing nothing of the insolvency of Hutchinson & Ledlie, (the payment being previous to the assignment,) and that the said defendants were at no time charged on the books of Hutchinson & Ledlie with the amount of freight. Immediately after the assignment, the plaintiffs gave defendants notice of the same, and of their claim.

It is admitted that suit was brought before the issuing of process in the present case, by the plaintiffs against the said Hutchinson & Ledlie for the balance of the said account, embracing the freight on the goods of the defendants as aforesaid.

This suit against the said Hutchinson & Ledlie is No. 858, of November 1839, and the whole record and proceedings are made a part of this case. It is still pending. The said Hutchinson & Ledlie were insolvent at the time this suit was brought, and made

Y —2 H*

an assignment for the benefit of their creditors on the 10th day of November 1839. The freight on the said goods of the defendants remains unpaid to the plaintiffs. Two forms of receipt which the plaintiffs usually gave to the said Hutchinson & Ledlie, are hereunto annexed and made part of this case.

The sum for which judgment is to be entered, if the court think the plaintiffs entitled to recover, is 127 dollars, 28 cents, with interest from September 9, 1839.

·"Received, Philadelphia, August·12, 1839, of E. & D. Gratz, the following packages, in good order, marked as per margin, which we promise to deliver in like good order, (the dangers of the railroad navigation, fire, leakage of merchandise, and all other unavoidable accidents or delays excepted,) to Hutchinson & Ledlie on presenting this receipt and payment of freight at our warehouse in Pittsburgh, in twelve days (Sundays excepted) at the following rates for 100 pounds, subject to wagon dockage for every day out time unless unavoidably detained, of which the certificates of supervisors, collectors, lock keepers, or affidavits of captains or car conductors shall be evidence."

Upon the margin of this receipt was written "Collins & Timberlake, Lexington, Kentucky." "Seven boxes of dry-goods, 364. 315. 535. 412. 444. 419. 400. One bale 62. 8 Packages."

The court below (Grier, president) rendered a judgment for the plaintiffs.

*Shaler,* for plaintiff in error.

*Findley,* for defendant in error, cited 13 *East* 565; 17 *Johns.* 234; 2 *Com. Law Rep.* 118; 5 *Barn. & Ald.* 521.

PER CURIAM.—The point before us has long been settled. It was fully discussed in Shepard *v.* De Bernales, 13 *East* 567, and ruled upon the authority of Penrose *v.* Wilkes, *Abb. Law of Mercht. Ships* 276; Tapley *v.* Martin, 8 *Term Rep.* 445, and Christy *v.* Rowe, 1 *Taunt.* 300, that the stipulation in a bill of lading, for delivery on payment of freight, is introduced for the benefit of the consignor, or the party for whom the consignee is agent, and the principle is carried out in the other cases quoted by the plaintiffs below. What had they to do with transactions betwixt the defendants' agent and his principals, which would prevent them from waving a stipulation introduced for their benefit? If the agent should be faithless, the loss would fall on those who trusted him; and they ought to bear it. The point, however, is conclusively established by authority; and it would be idle now to make the principle of them a subject of grave examination.

Judgment affirmed.