136 179
48a 326

ANTON JUNKER

*v.*

DAVID G. RUSH.

*Filed at Ottawa January 22, 1891.*

1. SURETY—*remedy over against the principal—subrogation—limitation.* A surety, on payment of the debt, will be entitled to his action at law against his principal, upon the implied contract of indemnity, for the amount paid by him. But the right of action of the surety, being upon an implied assumpsit, is barred in five years after it accrues.

2. Where one of several sureties or guarantors is compelled to pay a judgment against the principal and the sureties, he will, in equity, be entitled to be subrogated to the plaintiff in the judgment, for the

purpose of enforcing it for his own benefit against his co-defendant. The surety, on payment, does not become, *ipso facto*, subrogated to the rights of the creditor, but only acquires a right to such subrogation, which he must actively assert before his legal remedy is barred.

3.  A surety's right to be substituted to the creditor's remedy on payment of the debt will be barred in five years after his right of action accrues.

4.  The equitable right of a surety paying a judgment against his principal and himself and co-sureties, to be subrogated to the creditor's judgment, and to enforce the same for his benefit, will be barred by the Statute of Limitations, where his remedy at law on the implied contract of indemnity is barred.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. LORIN C. COLLINS, Judge, presiding.

Messrs. BLANKE & CHYTRAUS, for the appellant.

Messrs. COHRS & GREEN, for the appellee.

Mr. JUSTICE BAILEY delivered the opinion of the Court:

This was a bill in chancery, filed in the Circuit Court of Cook county on the 16th day of September, 1889, by Anton Junker against David C. Rush and Justus Kilian, to enforce a right of subrogation. The bill alleges that on the 12th day of February, 1876, the complainant, with David C. Rush and Herman J. Pahlman, executed a written guaranty of a certain promissory note of that date, made by James W. Jeffrey, by which said Jeffrey promised to pay, sixty days after date, to the order of the German American Bank of Chicago, $2500, with interest at the rate of ten per cent per annum; that although said Jeffrey appeared in said note as principal, it was in fact executed by him for the purpose of procuring a loan for said Rush and Pahlman, who were the real principals in said note and the parties for whose benefit it was executed, and who received the money for which it was given, said Jeffrey being a mere employe in the business of said Rush and

Pahlman, and having no interest in the transaction, and said guaranty being in fact executed by the complainant as surety for said Rush and Pahlman; that afterwards, on the 14th day of December, 1877, in a certain cause then pending in the Superior Court of Cook county, wherein one Julius M. Kilian was complainant and said German American Bank was defendant, said Justus Kilian was appointed receiver of said bank; that said Jeffrey, Rush and Pahlman having failed to pay said note, said receiver brought a suit at law on said guaranty, and on the 26th day of September, 1878, recovered judgment against said Rush and Pahlman for the sum of $3154.75 and costs, to which judgment the complainant was made a party by *scire facias* October 22, 1879; that within a year after the entry of said judgment, execution was issued thereon and returned "no property found" as to said Rush and Pahlman, and on the 30th day of January, 1880, the complainant was compelled to and did pay the full amount of said judgment and costs, to-wit, $3200; that neither said Jeffrey, Rush or Pahlman has reimbursed him the amount so paid or any part thereof, and the complainant therefore insists that, having paid said judgment, he should, in equity, be subrogated to the rights and remedies of the plaintiff in said judgment as against said Rush and Pahlman; that said Kilian has settled up his accounts as such receiver and has been discharged from further duties and obligations of his office, and on that ground, and on the further ground that he has obtained full satisfaction of said judgment, he refuses to permit the complainant to use his name in any proceeding to enforce said judgment against said Rush and Pahlman; that said Pahlman is insolvent, and that said Rush should therefore in equity and good conscience pay to the complainant the amount he was compelled to and did pay on said judgment.

The bill prays that the complainant may be subrogated to all the rights and remedies of the plaintiff in said judgment against said Rush; that the payment of the amount of said

judgment by the complainant may, as against said Rush, be treated and construed as not to be a satisfaction of said judgment, but may be deemed to operate as an assignment of said judgment to the complainant; that said Rush be decreed to pay to the complainant the amount paid by him on said judgment with legal interest from the time of such payment, and also a general prayer for relief.

Defendant Rush appeared and demurred to said bill on the ground, that it shows on its face that the relief prayed for is barred by the Statute of Limitations, and said demurrer being sustained by the court, and the complainant having elected to abide by his bill, a decree was entered dismissing said bill at the complainant's costs for want of equity. Said decree was affirmed by the Appellate Court on appeal, and said judgment of affirmance is now brought to this court for review.

Assuming the facts to be as alleged in the bill and admitted by the demurrer, there can be no doubt that, as the complainant was liable on said judgment as a mere surety for Rush and Pahlman, his co-defendants, he became entitled, on payment of the judgment, to his action at law against them upon their implied contract of indemnity, and that he also became entitled to be subrogated to the plaintiff in the judgment for the purpose of keeping the judgment alive and enforcing it for his own benefit against his co-defendants. His right of action at law, being upon an implied assumpsit, was manifestly subject to the period of limitation prescribed by section 15 of the Statute of Limitations, viz, five years, and consequently was barred several years prior to the filing of the complainant's bill. The only question in the case is, whether his right to subrogation is also barred.

This precise question has never, so far as we are aware, been before this court, but in *Simpson* v. *McPhail*, 17 Ill. App. 499, it was considered by the Appellate Court of the Third District and answered in the affirmative. The theory upon which the counsel for the complainant attempt to assert the contrary

view is, that the surety, by the mere act of payment, became
an equitable assignee of the judgment, thus constituting him
a creditor by specialty, and subject only to the period of lim-
itation applicable to debts of that character.   There are doubt-
less expressions in some of the decisions to which counsel refer
us which would seem to lend countenance to this view, but in
our opinion the weight of authority is clearly the other way.

The true rule would seem to be, that a surety, by payment,
does not become *ipso facto* subrogated to the rights of the cred-
itor, but only acquires a right to such subrogation, and that
before the substitution or equitable assignment can actually
take place, he must actively assert his equitable right thereto.
And this assertion, to be effectual, must be made before his
legal remedies are barred.

In *Rittenhouse* v. *Levering,* 6 Watts & Serg. 190, it was held
that a surety is not, *ipso facto,* on payment of the debt of his
principal, subrogated to his creditor's rights, but that he may
be so subrogated at any time before his legal right is barred,
notwithstanding the fact that there has been no actual sub-
stitution, since while the legal right remains, it draws to itself
all the consequences of an actual substitution in a court of
equity.   But the court say:   "Where the surety has done no
act before his claim is barred at law, manifesting his intention
to put himself in the place of the original creditor, and thereby
subrogating himself to his rights, the remedy is only for money
paid.   Where he has omitted to bring suit in proper time, or
to do acts equivalent thereto, he can not afterwards be subro-
gated to the rights of the creditor.   It is a general principle
that equity follows the law, and where the right does not exist
at law, a court of chancery will not afford the party equitable
relief."

In *Bank of Pennsylvania* v. *Potius,* 10 Watts, 148, the court,
in discussing the same rule, say:   "The doctrine of substitu-
tion being one of mere equity and benevolence, will not be
enforced at the expense of a legal right; a surety, therefore,

whose claim against his principals for money paid on a judgment against them, has been defeated at law, can not be substituted for the plaintiff in the original judgment. On the same principle he can not be substituted where his claim is barred by the act of limitations." In *Joyce* v. *Joyce*, 1 Bush, 474, a surety who had paid the principal's debt on execution, was denied subrogation after five years, the period by which the legal right was barred.

In *Johnson* v. *Belden*, 49 Iowa, 301, a surety had paid a judgment against himself and his principal, and after the expiration of five years, sought to have the lien of the judgment regarded in equity as surviving, and to have it enforced against his principal for his benefit. The court, in holding that he was barred of his right to equitable relief, say: "When the plaintiff paid the judgment, he could have gone into equity and availed himself of his lien. The court would have given him a decree for the amount shown to have been paid, with six per cent interest from the time of payment, and declared the same a lien from the date of the judgment, or allowed the judgment to be enforced to the amount of the decree. He can have the benefit of the lien now, provided he is in a condition to obtain a decree for the amount paid. But the plaintiff shows that whatever he paid was paid more than five years prior to the commencement of the action. As the claim rests upon a promise implied by law, it must be regarded as barred in five years." See also, *Fink* v. *Mahaffy*, 10 Watts, 384; *Churchill* v. *Fry*, 16 Ohio, 552; Hare & Wallace's note to *Dearing* v. *Earl of Winchelsea*, 1 Lead. Cas. in Eq. 154; Brandt on Suretyship, sec. 267; Sheldon on Subrogation, sec. 110.

The foregoing authorities fully sustain the position that the complainant's right to subrogation in this case is barred by the Statute of Limitations, and that the demurrer to the bill was therefore properly sustained. The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*