## Schmitt v. Henneberry et al.

1. *Subrogation—Equitable and Legal Rights.*—While it is true that a surety may be subrogated to the rights of a creditor in reference to any collateral security which the creditor may hold, and that he may be subrogated to the creditor in the judgment for the purpose of keeping it alive and enforcing it for his own benefit against his co-defendants, yet this doctrine, being one of mere equity and benevolence, will not be enforced at the expense of legal rights.

Memorandum.—Chancery. Appeal from the Circuit Court of McLean County; the Hon. THOMAS F. TIPTON, Circuit Judge, presiding. Heard in this court at the May term, A. D. 1892, and affirmed. Opinion filed October 17, 1892.

### APPELLANT'S STATEMENT OF THE CASE.

Louis Schmitt was engaged in keeping a saloon and chop house in Bloomington, and in 1891 became largely indebted to various persons, among whom were Matthew Henneberry and Harlan Bros., the appellees herein. The business and all the personal property connected therewith, were the property of Louis Schmitt. The building in which the business was carried on, was the property and homestead of Bertha Schmitt, his wife, the appellant. At the request of her husband, she became his surety for a number of his debts, the aggregate amount being several thousand dollars, for all of which she and Louis gave judgment notes. She was not security for the debt owing to either of the appellees. Judgments by confession were taken by the creditors, all of

Schmitt v. Henneberry.

whom held judgment notes signed by him, and some of which were also signed by his wife. On each of these judgments an execution was issued, placed in the hands of the sheriff and by him levied on all the property of Louis, and those that were also against appellant, were also levied on her property; and all the property of both appellant and her husband sold.

After the sale of the property, but before any of the proceeds were paid over by the sheriff, appellant filed her bill in chancery, in which she set up the foregoing facts, making the sheriff, and all judgment creditors of Louis and herself, parties defendant, and prayed for a decree, requiring, either, 1st, that the sheriff, out of the proceeds of the property of Louis Schmitt, pay the executions in the order in which they came to his hands, until all such proceeds were exhausted, before resorting to the proceeds of the property of appellant; or, 2d, if for any reason that could not be done, then in case the proceeds of the property of appellant should be used to pay any judgment for which she was surety, on such payment being made, that she might be subrogated to all the rights of the judgment creditors in each of such executions, and in such case such judgments in the order of their priority should be paid out of the proceeds of the property of her husband.

To the bill Henneberry and Harlan Bros. interposed a demurrer which the court sustained and dismissed the bill.

## Appellant's Brief.

A surety, upon paying the debt of his principal, has a clear right to be substituted in place of the creditor as to all securities held by the latter, and to have the same benefit he would have therein. Dumpling v. Gorman, 29 Ill. App. 135; Wise v. Shepherd, 13 Ill. 46; Burgett v. Paxton, 90 Ill. 288; Lochenmyer v. Fogarty, 112 Ill. 578; Rice v. Rice, 108 Ill. 204; Hanford v. Prouty, 133 Ill. 340; Bressler v. Martin, 133 Ill. 288; 1 Story's Eq. Jur., Secs. 327, 499, 502; Bispham's Eq., Sec. 336.

The right of subrogation always, or at least nearly

always, interferes with, subordinates or postpones the rights
of some third person; that is, prevents a lien that is a second
lien from becoming a first one; the first lien being kept
alive for the benefit of the surety. City National Bank v.
Dudgeon, 65 Ill. 11; Richeson v. Crawford, 94 Ill. 165; Drew
v. Lockett, 32 Beav. 499; Haven v. Willis, 100 N. Y. 482;
Powell v. Allen, 11 Ill. App. 134; Wise v. Shepherd, 13 Ill.
41; Billings v. Sprague, 49 Ill. 509.

KERRICK, LUCAS & SPENCER, solicitors for appellant.

APPELLEES' BRIEF.

"The true rule would seem to be that a surety, by pay-
ment, does not become *ipso facto* subrogated to the rights
of the creditor." He has merely an equitable right, which
a court of equity will not enforce at the expense of an-
other's legal right, especially where that other (also a cred-
itor of the principal) has an equal equitable right with the
surety. "The doctrine of substitution, being one of mere
equity and benevolence, will not be enforced at the expense
of a legal right." Junker v. Rush, 26 N. E. Rep. (Ill.) 500;
Simpson v. McPhail, 17 Ill. App. 501; Powell v. Allen, 11
Ill. App. 134.

BENJAMIN & MORRISSEY, counsel for appellees.

OPINION OF THE COURT.

This was a bill in chancery, filed by the appellant, al-
leging, in substance, that on the 29th of July, 1891, the
National State Bank, of Bloomington, obtained two judg-
ments in the County Court of McLean County for $550 each
against one Louis Schmitt, and his wife, the appellant; that
on July 31, 1891, six other judgments in favor of six other
plaintiffs were also obtained against the said Louis and
Bertha Schmitt, and that on the same day Henneberry and the
Harlan Brothers obtained, respectively, judgments against
Louis Schmitt alone, one of said judgments being for $308.23
and the other for $153; that the total sum of all these·

ten judgments was $3,837.08, besides the costs; that executions were issued on each of said judgments on the days the same were severally obtained, to the sheriff of said county; that in all of said judgments against her and the said Louis he was the principal debtor and she the surety, the debt in each instance being that of said Louis Schmitt; that under said judgments and executions in favor of the bank the sheriff levied upon real estate belonging to appellant and upon personalty belonging to said Louis, and that afterward, on the 29th of August, 1891, and succeeding days, he sold the said real estate and personal property, the former for $2,715, and the latter for $2,716.95, the total proceeds being $5,431.95, which was $1,594.87 in excess of the judgments mentioned; but that in the meantime, to wit, August 1st, 1891, the Blatz Brewing Company also obtained a judgment against said Louis Schmitt and the appellant, in which also the said Louis was the principal debtor, and appellant the surety, for the sum of $2,062.12.

The bill prayed that the sheriff be directed to apply the proceeds of the sale of the property of Louis Schmitt to the payment of the executions against him in the order in which received by the sheriff, whether such executions were against said Louis alone, or against him and the appellant, until all the proceeds of the property of said Louis were exhausted, before taking any of the proceeds of appellant's property; or, if the court held that could not be done, that it would decree the appellant to be subrogated to the rights of the judgment creditors against the said Louis to the extent that her property was applied to paying such judgment and that the same should, in her favor, be held to have priority of right as against the proceeds of the property of said Louis, in accordance with the order in which the executions came into the hands of the sheriff, etc. A demurrer to the bill was sustained and the bill was dismissed, and the question for our consideration is as to the propriety of such ruling.

The situation was such that Henneberry and Harlan, who had judgments against Louis alone, were prior in point of

time and lien to the brewing company, whose judgment was against both the Schmitts. There was money enough from the sale of all the property to pay all the judgments obtained on the 29th and 31st of July and leave a surplus of $1,594.87, which lacked about as much of paying the brewing company's judgment as the two judgments of Henneberry and Harlan amounted to. If the prayer of the bill were granted, the personal property would all be exhausted in paying judgments to which the appellant desired to be subrogated, thus excluding Henneberry and Harlan from the only fund to which they had access, and leaving so much more for the benefit of the brewing company.

The relief thus sought was properly denied. The object was to displace the legal rights of Henneberry and Harlan and to deprive them of the equitable right of insisting that those creditors who had judgments against Louis and Bertha should first exhaust the funds which were beyond their reach before resorting to the only fund which they could reach.

While it is true that a surety may be subrogated to the rights of the creditor, in reference to any collateral security which the creditor may hold, and that he may be subrogated to the creditor in the judgment for the purpose of keeping it alive and enforcing it for his own benefit against his co-defendants, yet this doctrine, being one of mere equity and benevolence, will not be enforced at the expense of a legal right. Junker v. Rush, 136 Ill. 179.

The surety does not become subrogated *ipso facto* by payment, and will be entitled to the relief only upon equitable terms and under equitable conditions.

When the legal or equitable rights of others would be unfavorably affected or wholly disregarded, subrogation would be denied. Powell v. Allen, 11 Brad. 134.

Here the complainant seeks to be subrogated to the rights of the creditor and yet to be exempt from one of the conditions to which the creditor was subject—that is, to be required by a creditor of the principal debtor above to seek satisfaction from the fund which the latter creditor could

not reach, and by this proceeding to secure precedence over such creditor, who had a valid lien at law by virtue of his judgment. The relief so desired is wholly inequitable. The demurrer was properly sustained and the decree dismissing the bill will be affirmed.