## Eugene L. Garey, Appellant, v. George A. Trude et al., Appellees.

### Gen. No. 24,985.

1. APPEAL AND ERROR, § 1184*—*what questions will be considered when case is submitted on pleadings.* On appeal from a decree dismissing a bill to foreclose a trust deed which was, by stipulation of the parties, heard on the bill and answers filed, the matters set up in the answers are to be regarded as true and the only question is whether or not such matters are sufficient in law to constitute a defense to the suit.

2. PRINCIPAL AND SURETY, § 66*—*to what extent surety will be protected.* As a general rule, a surety who pays his principal's debt will be protected by a court of equity by being given the benefit of all the remedies and securities that the creditor had against the principal.

3. SUBROGATION, § 5*—*when doctrine of subrogation will not be enforced.* The doctrine of subrogation will not be enforced where the facts are such that it would be inequitable to do so or would work an injustice on others having equities prior to or higher than those in the position of the one seeking the application of the doctrine.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4.  SUBROGATION, § 16*—*when assignment is not necessary for surety's protection.*  Where a surety is entitled to subrogation, no formal assignment of the securities held by the creditor is necessary.

5.  SUBROGATION, § 16*—*what is extent of surety's right of subrogation.*  Where one who has executed a trust deed on property subsequently executes a warranty deed conveying his equity therein to another, which does not recite that it is subject to the incumbrance, but, as a part of it and as a part consideration for the purchase the grantor agrees to discharge the incumbrance, upon his subsequently paying a judgment recovered on the notes secured by the trust deed and taking an assignment thereof he cannot, in equity, hold such deed as a lien against his grantee under the warranty deed nor against subsequent purchasers from his grantee; if he did not pay the judgment on the notes but appealed therefrom and the judgment was affirmed, the surety on his appeal bond will be held to have looked to his personal responsibility and not to the property to which such trust deed related, and while he will be permitted, under the doctrine of subrogation, to acquire any rights which he may, by being placed in the shoes of the principal, he will not be subrogated to the rights of the judgment creditor against one claiming under a conveyance from the grantor of the warranty deed executed before he became surety on the bond.

Appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding.  Heard in the Branch Appellate Court at the March term, 1919.  Affirmed.  Opinion filed June 2, 1920.  Rehearing denied June 16, 1920.

A. J. DEUTSCHMAN, for appellant; EARL J. GAREY, of counsel.

BENJAMIN B. KAHANE, for appellees.

MR. PRESIDING JUSTICE THOMSON delivered the opinion of the court.

This is an appeal from a decree of the superior court of Cook county, dismissing the bill filed by the complainant Garey, by which he sought to foreclose a cer-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

tain trust deed. On stipulation of the parties the cause was set down for hearing on the bill and answers filed. For the purposes of this appeal, the matters set up in the answers are therefore to be regarded as true and the only question presented for our decision is whether or not such matters are sufficient in law to constitute a defense to the suit and a bar to the relief prayed for by complainant in his bill.

The trust deed in question was executed by one Fulton in 1912. In 1913, Fulton conveyed his equity in the property to one Reilly, executing a warranty deed which did not recite that it was made subject to the incumbrance of the trust deed. At the time of this transaction and as a part of it and as part consideration for the purchase of the property, Fulton expressly agreed that within a certain time he would discharge the incumbrance and release it of record. Reilly subsequently sold the property and by successive conveyances the equitable title came to be in Fitz Simmons, one of the defendants. Shortly before the maturity of the notes secured by the trust deed in question they were purchased by the defendant Trude. When the notes matured Fulton did not pay them and therefore his agreement to discharge the incumbrance and have it released of record was not carried out. Trude did not seek to foreclose the trust deed but he instituted an action at law against Fulton on the notes and procured a judgment. From that judgment, Fulton perfected an appeal to this court and the complainant Garey became surety on his appeal bond. Upon the affirmance of the judgment and the failure of Fulton to pay it, Trude brought an action against Garey on the appeal bond and recovered judgment in that action, which judgment Garey paid. Garey then filed this bill, claiming to be subrogated to the rights of Trude in the trust deed in question, as against Fitz Simmons the owner of the property.

As a general rule, a surety who pays his principal's

debt will be protected by a court of equity, by being given the benefit of all the remedies and securities that the creditor had against the principal, but this doctrine of subrogation, being designed to permit justice as a creature of equity, will not be enforced in any case where the facts are such that it would be inequitable to do so or where it¹ would work an injustice on others having equities prior to or higher than those in the position of the one seeking the application of the principle. Brandt on Suretyship and Guaranty (3rd Ed.), sec. 336; Stearns on Suretyship (Ed. 1915), 429; *Makeel v. Hotchkiss,* 190 Ill. 311. Where a surety is entitled to subrogation, no formal assignment of the securities held by the creditor is necessary.

The real issue presented for our consideration on this appeal is, whether, on the facts here involved, the equities are such that the complainant is entitled to subrogation. It seems clear that if Fulton had not appealed from the judgment which Trude secured against him but had paid the judgment and taken an assignment of the trust deed and note, he could not have foreclosed the trust deed against the property in the hands of Fitz Simmons. Under the facts as we have given them above, Fulton could not, in equity, have held the trust deed as a lien against his grantee under the warranty deed or subsequent purchasers from his grantee. *Lanphier v. Desmond,* 187 Ill. 370; 1 Jones on Mortgages, sec. 867. When the complainant Garey became surety on Fulton's appeal bond, he must be held to have looked to the responsibility of Fulton personally and not to the security of the property in question, for the record then showed that Fulton had previously conveyed all his interest in the property, by warranty deed, not subject to the mortgage, and the judgment which had been obtained against Fulton was a personal judgment at law on the notes.

The interest which Fitz Simmons acquired in this property was by deed dated February 24, 1916, and subsequent to that time the complainant became surety for Fulton on his appeal bond. The interest of Fitz Simmons in the property in question was therefore acquired previous to the complainant's undertaking as surety. Although Garey in this situation would be entitled to be subrogated to all the rights of Trude as against the person and property of the debtor Fulton, we hold that inasmuch as he had no connection with the original deed or the notes secured thereby, but first came into the situation as a surety on an obligation incidental to the prosecution of the action at law on the notes against the debtor personally, he is not entitled, on the ground of the equitable principles of subrogation alone, to stand in the place of the creditor Trude, as to the prior interest of Fitz Simmons but as to that interest he must stand in the place of his principal Fulton. 27 Amer. & Eng. Encyc. of Law (2nd Ed.) 218; Brandt on Suretyship and Guaranty (3rd Ed.), sec. 240; *Patterson v. Pope,* 5 Dana (Ky.) 241.

There is much discussion of the case last cited in briefs of counsel filed in this court. The principle laid down in that case, which we are here following, was specifically followed by this court in *Powell v. Allen,* 11 Ill. App. 129, where a number of decisions, including that of *Patterson v. Pope,* were referred to. On appeal to the Supreme Court the case of *Powell v. Allen* was reversed but on another ground. (108 Ill. 584.) It was there held that the right which the complainant was claiming was enforceable, not on the doctrine of subrogation but by reason of the fact that when the complainant had paid the indebtedness in that case he had taken a formal assignment of the note and mortgage and also a decree which had been entered thereon. In *Schmitt v. Henneberry,* 48 Ill. App. 322, this court again had occasion to consider the ques-

tion of subrogation and the rule laid down in *Powell v. Allen,* 11 Ill. App. 134, was applied and followed. This was some years after the decision of the latter case in the Supreme Court and it is apparent that this court did not then consider that the decision of the Supreme Court had overruled this court so far as its decision had involved the question of the rights of the complainant based solely on the doctrine of subrogation. Counsel for complainant have called our attention to the case of *Pence v. Armstrong,* 95 Ind. 191. There would seem to be a clear distinction between that case and the case at bar, in that in the case cited the interest acquired by deed, in the property involved, prior to the obligation entered into by the complainant surety was subject to the mortgage that had previously been executed, whereas in the case at bar, the prior interest secured by Fitz Simmons and his grantors was expressly made not subject to the incumbrance of the trust deed, here sought to be foreclosed.

We are further of the opinion that the interest of Fitz Simmons in the property to which he now holds the equitable title was not only prior to the complainant's undertaking but was an interest which may be said to be higher than the equitable interest which the complainant claims was acquired when he paid the judgment. The original debt was the personal debt of Fulton and when the latter conveyed the property in question he agreed to pay that debt and release the incumbrance. The complainant assumed his obligations as surety for Fulton at the latter's request and solely for his benefit, on the appeal from a judgment against him in an action in which the court found that Fulton was personally obligated to pay the debt. The debt in question was Fulton's, not only legally, but equitably. The judgment against Fulton having been affirmed on appeal and still not paid, and judgment having been obtained against the complainant Garey, as surety for Fulton, we can perceive no equi-

table reason why Garey should be given any rights against the present owner of the property in question, beyond such as he might acquire by being placed in the shoes of his principal Fulton. We are unable to see that the fact that Garey may have known nothing of Fulton's agreement with his grantee that he would pay the incumbrance, or the fact that Trude may have testified in his action at law against Fulton that he did not know who owned the property on which the notes were secured, to which complainant has called our attention, have any effect upon the rights he seeks to enforce here, although it would appear from statements in the brief filed for defendants in the case at bar that the purchase of the notes by Trude was for the purpose of protecting Fitz Simmons and forcing the payment of the indebtedness by Fulton in accordance with the agreement entered into by him as part consideration for the purchase of the property by his grantee.

We find no error in the record and therefore the decree of the superior court is affirmed.

*Affirmed.*

MR. JUSTICES TAYLOR and O'CONNOR concur.